**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2902-19

MICHAEL ROSS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 25, 2021 – Decided November 30, 2021

Before Judges Messano and Enright.

On appeal from the New Jersey Department of Corrections.

Michael Ross, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Daniel S. Shehata, Deputy Attorney General, on the brief).

PER CURIAM

Inmate Michael Ross appeals from the final agency decision of the Department of Corrections (DOC) adjudicating him guilty of committing prohibited act .256, refusing to obey an order from staff, in violation of N.J.A.C. 10A:4-4.1, and imposing sanctions of thirty days' administrative segregation, suspension for sixty days, and the loss of sixty days of commutation time and fifteen days of recreation privileges.[1]  On December 30, 2019, Officer Lewis filed disciplinary charges against Ross, alleging he "refused several direct orders to report to the holding area" of the medical clinic for a scheduled appointment. Other officers responded to the area and took Ross into custody, after which he was evaluated at the clinic and then removed to a cell.

Ross requested a counsel substitute, who filed a written statement on Ross' behalf, prior to the January 2, 2020 disciplinary hearing.  In the statement, Ross

---

[1] There is a discrepancy between the hearing officer's adjudication report, which proposed 130 days of administrative segregation, suspended for 60 days, and the sanction contained in the assistant superintendent's discipline report, which stated there were 30 days of administrative segregation, suspended for 60 days. In any event, appellant's brief advises that because no other disciplinary charges were lodged against him during those 60 days, he did not serve any days in administrative segregation.

The record remains unclear, however, whether appellant lost 30 days of commutation time as reflected in the hearing officer's adjudication report, or 60 days of commutation time as contained in the assistant superintendent's discipline report.

explained that he did not intentionally disregard Officer Lewis' order, but rather, because so many inmates were inside the holding area, "[t]here was literally no space for . . . Ross to enter." Ross requested that all video from the holding area be preserved, and sought the statements of four other inmates and a copy of the "Fire and Safety Standard" for maximum occupancy of the holding area.

However, at the hearing, Ross rescinded the request for additional evidence and witnesses and pled guilty to the charge, once again stating he did not intentionally disregard the order but claimed the holding area was too crowded. The hearing officer adjudicated Ross guilty of the charge and recommended certain discipline. Ross appealed, with a different counsel substitute filing a written statement on his behalf.

In that statement, Ross contended the hearing officer told him the hearing would be adjourned to obtain all the evidence Ross had requested, and he would remain in pre-hearing detention for "an unknown number of additional days." Because "he would continue to be severely punished," Ross pled guilty. He also asserted that the overcrowded situation in the holding area violated applicable fire safety standards.

The Assistant Superintendent upheld the hearing officer's decision and imposed the penalties already noted. She concluded the charge was "adjudicated

3 <span>A-2902-19</span>

according[] to the [Administrative Code, t]he preponderance of evidence . . . support[ed] the guilty decision," and the hearing officer had granted leniency in imposing the penalty.

Ross contends that his due process rights were violated because the hearing officer failed to obtain evidence he requested that contradicted the written reports of the prison's staff, ignored other evidence favorable to Ross, and did not fairly and impartially assess the credibility of the witnesses. We affirm.

Our review of agency action is limited. "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't. of Corr., 461 N.J. Super. 231, 237–38 (2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579–80 (1980)). DOC's regulations require any "finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence has been defined alternately as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis

for the agency's action.'"  <u>Blanchard</u>, 461 N.J. Super. at 238 (quoting <u>Figueroa v. N.J. Dep't of Corr.</u>, 414 N.J. Super. 186, 192 (App. Div. 2010)).

Here, Ross was accorded all the procedural due process required.  <u>See Malacow v. N.J. Dep't. of Corr.</u>, 457 N.J. Super. 87, 93–94 (App. Div. 2018) (explaining due process rights for prison disciplinary hearings (citing <u>Avant v. Clifford</u>, 67 N.J. 496, 525–33 (1975))).  Ross admitted guilt at the hearing, albeit with the proverbial explanation for why he refused the order.  Any belated claims that he pled guilty to avoid delaying the hearing are not supported by the record; instead, DOC's decision is supported by sufficient credible evidence in the record as a whole.  <u>R.</u> 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2902-19